TEXTO COMPLETO DE LA SENTENCIA
El Interventor-Apelante de epígrafe interesa la revocación de una Orden de Citación Bajo *1212 Apercibimiento de Desacato emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 18 de abril de 1997. Examinados los escritos de las partes, los documentos que obran en autos, así como el derecho aplicable, resolvemos confirmar.
I
El Senado de Puerto Rico (en adelante Senado) aprobó la Resolución Núm. 18 del 30 de enero de 1997 "para crear la Comisión Especial sobre el Cerro Maravilla (la Comisión) y ordenar una investigación en torno a posibles irregularidades o actuaciones ilegales o impropias en el manejo de la pesquisa senatorial sobre los sucesos del Cerro Maravilla durante los años 1981 a 1992, incluyendo cualquier irregularidad, actuación impropia o ilegal por parte de la Oficina del Fiscal Especial Independiente sobre el Cerro Maravilla". R. del S. 18, Apéndice del Apelado, a la pág. 1. Como parte de la investigación encomendada a la Comisión Especial sobre el Cerro Maravilla (en adelante Comisión Especial), el Senado requirió la comparecencia del apelante de epígrafe, William Fred Santiago Pagán (en adelante señor Santiago), ante el Oficial Investigador de la Comisión, Ledo. Michael Corona Muñoz (en adelante Ledo. Corona). El señor Santiago compareció ante el Ledo. Corona, pero se negó a declarar. Por tal razón, el Hon. Charlie Rodríguez y el Hon. Sergio Peña Clos, como presidentes del Senado y de la Comisión Especial, respectivamente, solicitaron al Tribunal de Primera Instancia que ordenara la comparecencia del señor Santiago so pena de desacato. El 18 de abril de 1997, el referido tribunal ordenó la comparecencia del señor Santiago ante el Oficial Examinador designado por la Comisión Especial bajo apercibimiento de desacato. Oportunamente, el señor Santiago compareció ante el foro de instancia para solicitar la reconsideración de dicha Orden. El tribunal, a su vez, emitió una Resolución sobre Moción de Reconsideración en la que denegó la solicitud de reconsideración presentada. El 30 de abril de 1997, el señor Santiago presentó recurso de apelación ante nos, en el cual señaló que el tribunal a quo cometió tres errores, a saber:

"Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, por voz de su Honorable Juez Oscar Dávila Suliveres, al no desestimar y denegar la solicitud del Senado de Puerto Rico, para citar a vista al apelante, cuando la solicitud radicada no estaba jurada por ningún funcionario competente para ello del Senado de Puerto Rico y el Tribunal de Instancia no tuvo ante sí prueba alguna en apoyo de las alegaciones del recurso radicado, por lo que el tribunal a quo dictó las [sic] orden a base de unas meras alegaciones, lo que resulta ser contrario a las disposiciones del Artículo 34(A) del Código Político de Puerto Rico, ed. 1902, (2 L.P.R.A. Sec. 154(a)) y contrario a la legislación y jurisprudencia vigente en torno a la obligación de un litigante de probar su caso.

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, por voz de su Honorable Juez Oscar Dávila Suliveres al resolver que el Tribunal no podía en esa etapa de los procedimientos resolver que el testimonio del apelante estaba protegido por el privilegio ejecutivo instituido por la ley que creó la Oficina del O.F.E.I., es decir la Ley Número uno (1) del 18 de enero de 1985 (3 L.P.R.A. sec. 90nt [sic]).

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, por voz de su Honorable Juez Oscar Dávila Suliveres, al resolver que la investigación legislativa ordenada por mor de la Resolución del Senado de Puerto Rico Número 18 del 21 de enero de 1997, carecía de propósito legítimo legislativo alguno y que, por tanto, debería denegar toda citación para comparecer a las vistas públicas ordenadas a tenor con dicha resolución."

Luego de examinar los escritos de las partes y demás documentos obrantes en autos, encontramos que la controversia ante nos se reduce a determinar (1) si la citación emitida por el Senado cumplió con los requisitos legales pertinentes, (2) si la orden emitida por el Tribunal a quo para requerir la presencia del señor Santiago a declarar y entregar documentos fue emitida conforme a derecho y (3) si los señalamientos acerca de la aplicabilidad del privilegio ejecutivo y la legitimidad de la investigación legislativa son o no prematuros.
II
El Código Político regula la comparecencia y examen de testigos por la Asamblea Legislativa. En cuanto a la forma de citación, el Artículo 31 del Código Político (2 L.P.R.A. see. 151) establece lo siguiente:
*1213 Toda citación requiriendo a un testigo para que comparezca ante la Asamblea Legislativa, la Cámara de Representantes, el Senado, o una comisión o subcomisión de cualquiera de dichos cuerpos, o una comisión o subcomisión conjunta de ambos cuerpos, con el propósito de declarar, o de producir o entregar documentos u objetos, o para ambas cosas, podrá ser expedida por el Presidente del Senado, el de la Cámara o el de la comisión o subcomisión ante la cual se desea que comparezca el testigo y al efecto bastará que:

(1) Se precise en ella si el acto ha de tener lugar ante la Asamblea Legislativa, la Cámara de Representantes, el Senado, una comisión o subcomisión conjunta de ambos cuerpos, una comisión o subcomisión de la Cámara o el Senado.

(2) Vaya dirigida al testigo.

(3)Se requiera que dicho testigo comparezca en el día, hora y lugar determinados y, en caso necesario, se requieran los documentos u objetos interesados.

(4)Lleve la firma del Presidente del Senado, de la Cámara de Representantes o de una comisión o subcomisión.

El Presidente de cualquier comisión o subcomisión del Senado o de la Cámara de Representantes o de una comisión o subcomisión conjunta de ambos cuerpos, podrá expedir una citación requiriendo a un testigo para que comparezca ante un oficial investigador a declarar o a producir o entregar documentos u objetos o para ambas cosas, siempre y cuando se cumpla con los siguientes requisitos:

"(1) Que la investigación que se está llevando a cabo y dentro de la cual se hace la citación, haya sido ordenada mediante resolución del cuerpo o mediante resolución concurrente de ambos cuerpos.

(2) Que la resolución ordenando la investigación específicamente autorice al Presidente de la comisión o de la subcomisión, o de la comisión o subcomisión conjunta, a emitir citaciones para que un testigo comparezca a declarar o a presentar documentos u objetos, o ambas cosas, ante un oficial investigador. Una vez endosadas las citaciones por el Presidente de la comisión, éste gestionará la autorización, oral o escrita del Presidente de la Cámara correspondiente, para diligenciar las mismas.

(3) La citación cumple con todos los requisitos mencionados en esta sección."

Por otra parte, el Artículo 34a del Código Político, 2 L.P.R.A. 154a, establece el procedimiento judicial para obtener el cumplimiento de citaciones expedidas por organismos legislativos:

"Procedimiento judicial para obtener cumplimiento; desacato

(1) En adición a, e independientemente de lo dispuesto en las sees. 153 y 154 de este título, cuando un testigo citado de acuerdo con las sees. 151 y 152 de este título no comparezca a testificar o no produzca los libros, papeles, récords o documentos u objetos, según haya sido requerido, o cuando cualquier testigo así citado rehusare contestar cualquier pregunta en relación a cualquier asunto o investigación que esté pendiente ante la Asamblea Legislativa, o ante la Cámara de Representantes o el Senado, o ante una comisión o subcomisión de cualquiera de dichos cuerpos o ante una comisión o subcomisión conjunta de ambos cuerpos, o ante un oficial investigador según lo dispuesto en la see. 151 de este título, el Presidente o Vicepresidente de cualquiera de dichos organismos legislativos podrá solicitar la ayuda de la Sala de San Juan del Tribunal Superior de Puerto Rico para requerir la asistencia y la declaración de testigos y la producción y entrega de documentos u objetos, solicitados en el asunto, pesquisa o investigación que dicha Asamblea Legislativa, Cámara, Senado, comisión, subcomisión o comisión conjunta u oficial investigador esté llevando a cabo.

(2) Radicada la petición ante la Sala de San Juan del Tribunal Superior de Puerto Rico, si surgiera de ésta que el testigo incumplió la orden de la Asamblea Legislativa, o de la Cámara de Representantes o del Senado, o de la comisión o subcomisión de uno de los cuerpos o de la comisión o subcomisión conjunta, según sea el caso dicho tribunal deberá expedir una citación requiriendo y 
*1214
ordenando al testigo para que comparezca y declare o para que produzca la evidencia, documentos u objetos solicitados o para ambas cosas ante la Asamblea Legislativa, el Senado, la Cámara de Representantes, comisión, subcomisión o comité conjunto o ante dicho oficial investigador, según sea el caso; y cualquier desobediencia a la orden dictada por el tribunal será castigada por éste como un desacato civil al mismo.

(3) Si el testigo incumpliere la orden del tribunal dictada bajo apercibimiento de desacato civil, al celebrarse la vista de desacato, el testigo podrá levantar en ella todas las cuestiones constitucionales, legales y de hecho que estimare pertinentes."

En el caso ante nuestra consideración, el Senado expidió una citación requiriendo la comparecencia del señor Santiago el 25 de febrero de 1997. Al examinar la citación expedida por el Senado advertimos que la misma cumple con los cuatro requisitos que para su expedición exige el Artículo 31 del Código Político, 2 L.P.R.A. see. 151. La misma fue dirigida al señor Santiago, se precisó la instancia legislativa ante la cual éste debía comparecer, se indicó el día, hora y lugar determinados para la comparecencia y la citación fue firmada por el Presidente de la Comisión Especial. Véase, Apéndice del Apelado, a la pág. 37. De hecho, el señor Santiago compareció ante el Oficial Investigador de la Comisión Especial, tal cual se lo requería la citación del Senado, sin embargo, se negó a contestar sus preguntas. Es por esta razón que el Senado acudió ante el foro de instancia, el cual le ordenó comparecer ante el Oficial Investigador de la Comisión Especial para prestar declaración y producir la evidencia solicitada.
El señor Santiago argumenta que si bien el Artículo 34A del Código Político de 1902, 2 L.P.R.A. secs. 154a, crea un procedimiento civil de naturaleza sumaria para compeler a un testigo a comparecer a una vista de la Asamblea Legislativa o a cualquiera de sus componentes, dicho procedimiento tiene que cumplir con las normas elementales probatorias aplicables a los tribunales de justicia. Escrito de Apelación, a la pág. 7. Sostiene que dichas normas obligaban al Senado a presentar evidencia demostrativa de los hechos que presuponía su petición y a certificar la veracidad de sus alegaciones, lo cual no hizo. No tiene razón.
De acuerdo con el artículo 34a(2), el tribunal de instancia viene obligado a expedir una citación ordenando al testigo comparecer, declarar y producir documentos si de la petición surge que éste incumplió con la orden legislativa. En su parte pertinente, dicho artículo dispone:
"Radicada la petición ante la Sala de San Juan del Tribunal Superior de Puerto Rico, si surgiera de ésta que el testigo incumplió la orden de la Asamblea Legislativa, o de la Cámara de Representantes o del Senado, o de la comisión o subcomisión de uno de los cuerpos o de la comisión o subcomisión conjunta, según sea el caso dicho tribunal deberá expedir una citación requiriendo y ordenando al testigo para que comparezca y declare o para que produzca la evidencia....". (Enfasis suplido)
Vemos que el estatuto citado condiciona la expedición de una citación judicial bajo apercibimiento de desacato a si de la petición legislativa a tales fines surgiera que el testigo incumplió la orden legislativa. De la petición presentada por el Senado ante el tribunal a quo surge evidencia suficiente de que el testigo Santiago incumplió con la orden del Senado. Tal petición estuvo acompañada de la citación hecha al señor Santiago, del diligenciamiento de tal citación y de una certificación del Oficial Investigador en la que aseveraba que el señor Santiago compareció, pero se negó a contestar las preguntas. Apéndice del Apelado, a las págs. 34-39; Apéndice del Apelante, a la pág. 3.
La prueba relativa a la citación, su diligenciamiento y el incumplimiento del señor Santiago respecto a la misma constituyó evidencia suficiente ante el Tribunal de Primera Instancia para los efectos de emitir una citación bajo apercibimiento de desacato. La medida en que de dicha prueba acreditó el incumplimiento que generó la petición legislativa, bastó para que a tenor con el Art. 34a(2) del Código Político, el tribunal a quo expidiera una citación requiriendo y ordenando al testigo declarar ante la Comisión Especial.
Tampoco estamos de acuerdo con el señor Santiago en cuanto a la necesidad de que el Senado tuviera que certificar o jurar la petición de citación al Tribunal de Primera Instancia. El procedimiento judicial estatuido para obtener el cumplimiento de órdenes legislativas no requiere que el Senado *1215 certifique o juramente una petición en ese sentido. En lo pertinente, dicho procedimiento se limita a disponer que:
"[cjuando un testigo citado de acuerdo con las sees. 151 y 152 de este título no comparezca a testificar o no produzca los libros, papeles, récords o documentos u objetos, según haya sido requerido, o cuando cualquier testigo así citado rehusare contestar cualquier pregunta en relación a cualquier asunto o investigación [....] el Presidente o Vicepresidente de cualquiera de dichos organismos legislativos podrá solicitar la ayuda de la Sala de San Juan del Tribunal Superior de Puerto Rico para requerir la asistencia y la declaración de testigos y la producción y entrega de documentos u objetos, solicitados en el asunto, pesquisa o investigación que dicha Asamblea Legislativa, Cámara, Senado, comisión, subcomisión o comisión conjunta u oficial investigador esté llevando a cabo." (Enfasis suplido) Art. 34 a (1).
De acuerdo con el procedimiento citado, el incumplimiento con la citación del organismo legislativo encargado de realizar una investigación activa la facultad del mismo para acudir al Tribunal. Del texto citado no se desprende que ello esté condicionado a la certificación o juramentación de la petición por el organismo legislativo per se, ni que esto constituya un requisito sine qua non de su presentación.
Los otros dos señalamientos de la apelación aducen que el foro de instancia erró al no resolver que el señor Santiago está protegido por el privilegio ejecutivo creado por la Ley Núm. 1 del 18 de enero de 1985; y al no resolver que la investigación legislativa ordenada por la Resolución Núm. 18 del Senado carece de propósito legislativo. En esta etapa del proceso, ambos señalamientos son prematuros. El artículo 34a del Código Político, 2 L.P.R.A. sec. 154a(3), dispone, en lo pertinente:

"Si el testigo incumpliere la orden del tribunal dictada bajo apercibimiento de desacato civil, al celebrarse la vista de desacato, el testigo podrá levantar en ella todas las cuestiones constitucionales, legales y de hecho que estimare pertinentes."

El señor Santiago venía obligado a obedecer la citación para el 30 de abril de 1997, en los términos en que fue expedida por el Tribunal de Primera Instancia. Corresponden a otra etapa los planteamientos legales y constitucionales pertinentes, conforme al Artículo 34(a) del Código Político, supra.
III
En moción de 12 de noviembre de 1997 el Senado de Puerto Rico informa a este Tribunal que las facultades investigativas de la Comisión Legislativa que dieron base a la citación judicial del señor Santiago para el 30 de abril de 1997, fueron extendidas hasta el 2 de diciembre de 1997. Este Tribunal no ha sido informado de extensión adicional del término mediante resolución legislativa.
La presente sentencia dispone la validez del proceso instado bajo las facultades legislativas entonces vigentes y confirma la citación ordenada por el tribunal en su resolución de 18 de abril de 1997. Cualquier procedimiento ulterior para actualizar el requerimiento de la comparecencia del señor Santiago deberá quedar sujeto a las facultades legislativas de la Comisión y al procedimiento correspondiente que esté vigente.
IV
Por los fundamentos expuestos, se confirma el dictamen recurrido.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General